# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **CARRIE GRUBBS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:14-CV-22 |
| | ) |
| **H & M Bay, Inc.,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is a motion by the parties seeking approval of a proposed, stipulated protective order. (Docket # 16, 17.) As the proposed order submitted by the parties is overly broad, the motion will be DENIED.

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to a party is invalid); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

Here, although the proposed order at the outset defines adequately demarcated categories consisting of the birthdates, social security numbers, medical records, and mental health records of Defendants' employees and Plaintiff (Proposed Protective Order ¶¶ 3, 5), a later paragraph unacceptably expands these categories by adding: "personal, private or confidential information

relating to employees, officers, directors, managers, or agents of Defendant" and "any documents reflecting Defendant's business relationship with its clients, customers, and vendors" (Proposed Protective Order ¶ 10). The terms "personal," "private," and "confidential" are vague terms, falling short of properly demarcated categories, and the Court is not persuaded that all documents pertaining to Defendant's business relationships needs to be protected.

For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury–business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Cook,* 206 F.R.D. at 248 (emphasis omitted). "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Furthermore, the proposed order, which is not limited to solely the discovery phase of the proceedings, should seek to narrowly protect any confidential material through a method of redaction. *Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). The proposed order should require the contemporaneous public filing of a redacted version of the document (in which only the actual confidential material is redacted) when an unredacted version is filed under seal.

It is important to remember that "the public at large pays for the courts and therefore has

an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945-46.  Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

Accordingly, the Court DENIES the parties' motion (together, with its supplement) for approval of the proposed stipulated protective order. (Docket # 16, 17.)  The parties may, however, submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law.

SO ORDERED.

Enter for this 28th day of October 2014.

S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge